937 F.2d 616
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Claxton R. COOK and Mable E. Cook, Plaintiffs-Appellants,
v.
ATLANTIC RICHFIELD COMPANY, Defendant-Appellee.
 No. 90-6096.
 United States Court of Appeals, Tenth Circuit.
 July 9, 1991.
 
 Before LOGAN, BALDOCK and BRIGHT,* Circuit Judges.
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiffs-appellants Claxton and Mable Cook owned surface acreage and mineral rights in Payne County, Oklahoma. In 1979, an agent of defendant-appellee Atlantic Richfield Company approached plaintiffs, offering to lease their mineral acreage for oil and gas exploration. Negotiations between the agent and plaintiffs culminated in an oil and gas lease together with a letter governing defendant's use of plaintiffs' surface acreage. Soon thereafter, defendant began exploration, but ignored the covenants in the letter. Plaintiffs filed this diversity action, alleging breach of contract and seeking damages. Defendant moved for dismissal, or in the alternative, arbitration pursuant to the Oklahoma Arbitration Act, Okla.Stat.Ann. tit. 15 Secs. 801-818 (West 1991). In sum, defendant contended that the letter was not a contract, but that if it were a contract, it would contain an enforceable arbitration clause. The court denied the motion to dismiss and also declined to order arbitration due to defendant's refusal to admit the contractual nature of the letter. Later, approximately one month before the scheduled trial date, the court ordered arbitration after defendant admitted the contractual nature of the letter and renewed its request for arbitration. Plaintiffs contend that (1) defendant waived its right to arbitration by waiting until the "eve of trial" to admit the contractual nature of the letter, and (2) the district court erred in failing to vacate the resulting arbitration award on account of the arbitration panel's refusal to consider claims for punitive damages. We affirm.
 
 
 2
 Plaintiffs conceded at oral argument that they did not argue waiver of arbitration to the district court. They claim instead that the issue is properly before us for the first time on appeal because they did not have the opportunity to raise it below. Yet they fail to explain why they did not raise it in their motion to vacate the arbitration award. Because plaintiffs did not pursue this issue, which would necessitate a fact-intensive inquiry below, we deem it " 'inappropriate for consideration on appeal.' " Adams-Arapahoe School D. 28-J v. Continental Ins. Co., 891 F.2d 772 (10th Cir.1989) (quoting Stephens Ind., Inc. v. Haskins & Sells, 438 F.2d 357, 361 (10th Cir.1971)).
 
 
 3
 Regarding plaintiffs' second issue, we review de novo the district court's legal determination not to vacate the arbitration award. The Federal Arbitration Act, 9 U.S.C. Secs. 1-16, applies to any arbitration provision which involves interstate commerce, and interstate commerce is interpreted very broadly. See Foster v. Turley, 808 F.2d 38, 40 (10th Cir.1986). Federal law, therefore, preempts in most situations. In this case, however, the district court applied the Oklahoma Arbitration Act because it lacked sufficient information to determine whether the contract involved interstate commerce. Regardless of the propriety of this determination, the point is moot because the Oklahoma Act tracks the federal legislation in all aspects relevant to this case. We therefore will apply federal law in reviewing the district court's determination. See Foster, 808 F.2d at 41 (applying federal law).
 
 
 4
 In reviewing the record of the proceedings below we find no error. Before this dispute was referred for arbitration, the parties agreed to a partial settlement. See IR. doc. 43. As part of the settlement, the issue of whether punitive damages were included in the settlement agreement was to be determined by the arbitration panel. Id. at 2. The panel, in turn, determined that the partial settlement included punitive damages and therefore precluded an award of such damages in arbitration. Plaintiffs contend that this was a refusal to hear evidence material to the controversy, and therefore warrants vacation of the arbitration award. See 9 U.S.C. Sec. 10 (vacation appropriate if arbitrators "refus[ed] to hear evidence pertinent and material to the controversy"). We do not agree. The panel's legal determination that punitive damages were precluded by the partial settlement agreement made all evidence of such damages immaterial, and because this legal determination was within the panel's authority by virtue of the parties' stipulation, the district court properly denied to vacate the award. See id. Sec. 10(a)(5) (award subject to vacation if arbitrators "exceed[ ] their powers"). This is not to say that the panel's legal interpretations are not reviewable. If the interpretation ignores the plain language of the agreement, the resulting award may be vacated on account of lack of authority. See Jenkins v. Prudential-Bache Securities, Inc., 847 F.2d 631, 635 (10th Cir.1988). But this narrow review does not encompass mere misapplications of law. "Even if the panel misread the contract, we may not reverse for that reason alone." Id. at 635. Upon review of the record, we cannot say that the panel ignored the language of the settlement agreement. Therefore, we must affirm the district court's refusal to vacate the award.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The Honorable Myron H. Bright, Senior United States Circuit Judge, Eighth Circuit, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3