Fremont-Smith, J.
This matter is before the Court on the plaintiffs motion for summary judgment pursuant to Mass.R.Civ.P. 56(b). As grounds for his motion, the plaintiff, Bradford C. Walker, (“Walker”) asserts that, as neither party “otherwise agreed” to the award of attorney fees in their underlying arbitration proceeding, the arbitrator’s award of attorney fees to the defendants, Elizabeth Warren and Bruce Mann, pursuant to the Copyright Act, 17 U.S.C. §505, is in contravention of G.L.c. 251, §10 which prohibits such an award.[1] Walker therefore moves to enforce the arbitrator’s award, except for the award of attorney fees, which Walker moves to vacate as beyond the arbitrator’s authority.
DISCUSSION
The award of attorney fees by an arbitrator in an arbitration proceeding is prohibited by G.L.c. 251, §10, which provides that “(u]nless otherwise provided in the agreement to arbitrate, the arbitrators’ expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award.” G.L.c. 251, §10. In interpreting this language, the Supreme Judicial Court has held that “in the absence of a special agreement to the contrary, legal fees arising out of arbitration may not be awarded, even if the arbitrator seeks to enforce a statute which, if litigated in court, would permit an award of attorney’s fees to the prevailing party.” Floors, Inc. v. B.G. Danis of New England, Inc., 380 Mass. 91, 101 (1980).
By submitting their dispute to arbitration,[2] the plaintiff contends, neither party “otherwise agreed” to an award of attorney fees arising out of their arbitration proceeding. Floors, supra, at 101. Therefore “ [i]n the absence of agreement to award [attorney] fees, the award of fees is prohibited and the arbitrator was powerless to grant them in the underlying arbitration action.” Baxter Health Care, Corp. v. Harvard Apparatus, Inc. 35 Mass.App.Ct. 204, (1993).
The defendants respond that 9 U.S.C. §§1-16, the Federal Arbitration Act, and 17 U.S.C. §301(a) of the Federal Copyright Act, preempt G.L.c. 251 §10, which prohibits an award of attorney fees by an arbitrator in an arbitration proceeding. The defendants therefore move to confirm the arbitrator’s award attorney fees pursuant 17 U.S.C. §505, the statutory damages provision of the Federal Copyright Act.
The Federal Arbitration Act (“FAA”) applies to contracts evidencing transactions in interstate commerce. 9 U.S.C. §§ 1 and 2. To ascertain whether a transaction is one involving interstate commerce, the court must examine the agreement, the complaint, and the facts in order to determine whether it is within the purview of the FAA. Foster v. C.F. Turley, 808 F.2d 38, 40 (10th Cir. 1986). Two competing judicial interpretations of the phrase “evidence a transaction involving commerce,” as used in the FAA, formerly existed. The difference centered on whether the reviewing court *454 interpreted the phrase broadly, so as to signify a congressional intent to exercise its full Commerce Clause power, or whether the reviewing court interpreted the phrase narrowly, so as to signify a congressional intent to limit the FAA’s application.
According to the narrow “contemplation of the parties” judicial interpretation:
The significant question is not whether, in carrying out the terms of the contract, the parties did cross state lines, but whether, at the time they entered into it and accepted the arbitration clause, they contemplated substantial interstate activity.
Lachney v. Profitkey International, Inc., 818 F.Supp. 922, 924 (E.D.Va. 1993). Thus, in Lachney, the court held that substantial interstate activity was contemplated by a New Hampshire software manufacturer and its Virginia customers where their contract required the interstate exchange of order forms, the interstate transfer of money for payment, the interstate transfer of employees, and the interstate shipment of software. 818 F.Supp. 922, 924 (E.D.Va. 1993).
Conversely, the “commerce in fact” judicial interpretation empowered a reviewing court to apply the FAA to the full extent of the Commerce Clause. Allied-Bruce Terminix Companies, Inc. v. Dobson, 513 U.S. 265, 279-280 (1995). Under this broad interpretation, the FAA applied to the contract upon the showing of actual interstate activity, whether contemplated or not by the parties. Id. See Del E. Webb Const. v. Richardson Hosp. Authority, 823 F.2d 145, 147 (5th Cir. 1987) (where a construction contract involved persons from different states, the interstate use of mails, the interstate travel of employees, and the interstate movement of construction materials, the court determined that the parties’ activities involved interstate commerce and held that the contract was within the scope of the FAA).
In choosing between interpretations, the United State Supreme Court recently held in Allied-Bruce Terminix, supra, that “the interpretive choice is difficult, but for several reasons we conclude that ‘commerce in fact’ is more faithful to the statute than ‘contemplation of the parties.’ ” 513 U.S. 265, 278 (1995). In this case, the Court concludes that the degree of interstate activity, if any, which actually “occurred in fact,” did not rise to the level of federally regulated interstate commerce. Allied-Bruce Terminix, supra. Although the signed agreement between the parties indicated that Walker’s principal place of business was Cambridge, Massachusetts, and that the defendants were domiciled in Pennsylvania, the work performed under the contract occurred in Massachusetts. Under the contract, Walker, a Cambridge-based architect, provided architectural drawings for the design and construction phases of the renovations to be made to the defendants’ 24 Linnaen Street Cambridge residence. As the parties did not actually engage in interstate commerce, the FAA does not apply to their agreement to arbitrate. Lachney v. Profitkey International, Inc., 818 F.Supp. 922, 924 (E.D.Va. 1993). See Allied-Bruce Terminix Companies, Inc. v. Dobson, 513 U.S. 265, 265-82 (1995).
Moreover, even if their contract were viewed to involve interstate commerce, “the FAA contains no express preemptive provision, nor does it reflect a congressional intent to occupy the entire field of arbitration.” Volt Info. Sciences v. Leland Stanford Univ., 489 U.S. 468, 477 (1989). Rather, state law is preempted only to the extent that it “stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress,” or to the extent that it conflicts with federal law. Id. Therefore, in order for the FAA to preempt G.L.c. 251, §10, the parties’ underlying contract must evidence a transaction involving commerce, and G.L.c. 251, §10’s prohibition on awarding attorney fees, by an arbitrator, in an arbitration proceeding, must obstruct the purposes and objectives of the FAA. Id.
In determining whether state arbitration law conflicts with the FAA, the court in Merril Lynch, v. JANA, 835 F.Supp. 406 (N.D.Ill. 1993), held that a New York statute, which prohibits punitive damages to be awarded by an arbitrator in an arbitration proceeding, was not preempted by federal law because the parties’ signed agreement to arbitrate contained a provision stating that “(t]his agreement and its enforcement shall be governed by the laws of New York,” and because the New York statute did not conflict with the FAA. 835 F.Supp. 406, 413 (N.D.Ill. 1993). In ruling that the New York statute governed the agreement, the court cited to the opinion of the United States Supreme Court in Volt Info. Sciences v. Leland Stanford Univ., 489 U.S. 468 (1989), which announced that “great deference was to be given to the contractual rights of the parties, including the right to choose the applicable law for their transactions.” Merril Lynch, supra, at 413, citing, Volt Info. Sciences v. Leland Stanford Univ., 489 U.S. 468 (1989). The court also held that the New York statute did not conflict with federal law. Merrill Lynch, supra, at 413. See New England Energy, Inc. v. Keystone Shipping Co., 855 F.2d 1, 4-5 (1st Cir. 1988).
Here, as in Merrill Lynch, the signed contract for Walker’s architectural services contained a valid and enforceable choice of law provision at paragraph 9.1 that stated “[u]nless otherwise provided, this Agreement shall be governed by the law of the principal place of business of the Architect.” See Volt Info. Sciences v. Leland Stanford Univ., 489 U.S. 468 (1989). Since Walker’s principal place of business was Cambridge, Massachusetts, it follows that Massachusetts law should control. Furthermore, the application of G.L.c. 251, §10 to their agreement did not disrupt the arbitrator’s enforcement of the parties’ privately negotiated arbitration agreement, did not place limits on the arbitral process, nor did it override the parties’ *455 choice to arbitrate rather than litigate. New England Energy, Inc. v. Keystone Shipping Co., 855 F.2d 1, 4-5 (1st Cir. 1988). It follows that G.L.c. 251, §10 did not conflict with the FAA. Id. Therefore, the application of G.L.c. 251, §10 to their arbitration agreement is not preempted by 9 U.S.C. §§1-16, the Federal Arbitration Act. Merril Lynch, supra, at 406-13.
The defendants further respond that G.L.c. 251, §10 is not applicable here because 17 U.S.C. §301(a), the Federal Copyright Act’s preemption provision, supersedes state law in matters falling within the scope of federal copyright protection.
Federal copyright law expressly preempts all state and common law under Section 301(a) of the Federal Copyright Act, which provides:
all legal or equitable rights . . . within the general scope of copyright... and within the subject matter of copyright . . . are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.
17 U.S.C. §301(a). Therefore, the defendants urge, because the defendants’ counterclaim for statutory copyright damages was brought pursuant to Section 505 of the Copyright Act, and because any damages awarded pursuant to Section 505 are governed exclusively by the Federal Copyright Act, it follows that Section 301(a) of the Copyright Act preempts G.L.c. 251, §10’s prohibition regarding the award of attorney fees.
However, as an initial matter, as a condition precedent to an award of statutory damages pursuant to Section 505 of the Copyright Act, it is first necessary for the copyright owner to obtain a valid registration for his copyright in the copyright office. 17 U.S.C. §412(2). Section 412(2) of the Copyright Act provides that:
no award of statutory damages, or of attorneys fees, as provided for by Sections 504 and 505, shall be made for: ... (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.
17 U.S.C. §412(2). As there is nothing in the record to indicate that Walker’s architectural designs received federal registration in the Copyright office prior to amending his complaint to add a count of copyright infringement, it is unclear whether the arbitrator exceeded his authority in awarding statutory copyright damages pursuant to 17 U.S.C. §§412(2).
Moreover, the Copyright Act permits only a court, as an exercise of its discretion, to award reasonable attorney fees, and then only to the prevailing party. 17 U.S.C. §505.[3] See Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994) (the award of attorney’s fees pursuant to §505 of the Copyright Act means “a reasonable award falling within the court’s discretion”).
Further, having arbitrated the dispute, neither party appeared before a court and litigated the issue of copyright infringement, as required by §505 of the Copyright Act, to obtain an award of reasonable attorneys fees as a “prevailing party” under the statute. Fogerty v. Fantasy, Inc., 510 U.S. 517, (1994).
A prevailing party under §505 of the Copyright Act “is considered one who succeeds on a significant issue in the litigation after an adjudication on the merits,” NLFC, Inc. v. Devcom Mid-America, Inc., 916 F.Supp. 751, 756 (N.D.Ill. 1996), and “[a] defendant is considered a ‘prevailing party’ when he successfully defends against the significant claims actually litigated in the action.” REPP and K & R Music, Inc. v. Webber, 892 F.Supp. 552, 560 (S.D.N.Y. 1995). Contra Great American Fun Corp. v. Hosung New York Trading, Inc., 42 U.S.P.Q.2d 1729, 1731 (S.D.N.Y. 1997) (a defendant in a copyright action which was voluntarily dismissed, may be a prevailing party under the Copyright Act).[4]
Here, it is undisputed that prior to their arbitration hearing, Warren and Mann admitted in their answer to Walker’s complaint that Walker had dismissed his copyright infringement action (paragraph 10 of the defendants’ answer and counterclaim to plaintiffs complaint), and that the arbitrator had knowledge of Walker’s prior dismissal. As a result of the dismissal, the issue of copyright infringement was neither litigated nor decided on the merits and the defendants are not, according to the weight of legal authority cited above, a “prevailing party” as defined under Section 505 of the Copyright Act. NLFC, Inc. v. Devcom Mid-America, Inc., 916 F.Supp. 751, 756 (N.D.Ill. 1996); REPP and K & R Music, Inc. v. Webber, 892 F.Supp. 552, 560 (S.D.N.Y. 1995).
ORDER
For each of the above reasons, the Court concludes that the arbitrator lacked authority to award attorney fees. Accordingly, the plaintiffs motion is ALLOWED and final judgment shall enter enforcing the arbitrator’s awards in paragraph’s 1 and 2 of the arbitration decision, but vacating the award of attorney fees to the defendants in paragraph 3 of the arbitration decision.

 In the underlying proceeding, Walker provided architectural services to the defendants, Warren and Mann, for renovations at their 24 Linnaean Street Cambridge, MA residence. Contained within their contract for Walker’s architectural services was an agreement to arbitrate all disputes arising out of Walker’s services. On February 24, August 21, and October 29, 1996, the parties commenced arbitration to resolve Walker’s claim ofbreach of contract by the defendants, as well as to resolve the defendant’s counterclaim for Walker’s professional negligence. Arbitrator Joel Sowalsky found for Walker on his claim, found for the defendants on their counter-claim and he awarded damages accordingly. Mr. Sowalsky also awarded attorney fees to the defendants pursuant to 17 U.S.C. §505. Walker now moves pursuant to Mass.R.Civ.P. 56(b) to vacate the award of attorneys fees.

 The parties entered into an AIA Document B151 Abbreviated Owner Architect Agreement which specifically states in Article 7 that “[c]laims, disputes or other mater in question between the parties to this agreement. . . shall be subject to and decided by arbitration ...”

 The full text of §505 reads as follows: “In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney’s fee to the prevailing party as part of the costs.”

 In Great American Fun, the court, contrary to the weight of authority, held that the defendant was the “prevailing party” under 17 U.S.C. §505 and awarded attorney fees to the defendant following the plaintiffs voluntary dismissal of its copyright infringement action, where it found that the copyright claim was frivolous and that the defendants were forced to incur extensive pre-litigation expenses preparing to defend against the plaintiffs frivolous claim. 42 U.S.P.Q.2d 1729, 1729-32 (S.D.N.Y. 1997).