Rosemary DURKIN, Plaintiff,

v.

CIGNA PROPERTY & CASUALTY CORPORATION and Lynn Peoples, Defendants.

No. 96–2177–JWL.

United States District Court, D. Kansas.

Nov. 4, 1997.

---

Andrew C. Marquardt, The Marquardt Law Firm, P.A., Lenexa, KS, for Rosemary Durkin, plaintiff.

Gregory B. Tobin, Philadelphia, PA, Jack D. Rowe, Christine M. McKee, Lathrop & Gage L.C., Kansas City, MO, for Lynn Peoples, CIGNA Property and Casualty Insurance Company, defendants.

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

This matter is presently before the court on the motion by defendant Insurance Company of North America (ICNA) (formerly CIGNA Property & Casualty Corporation) to vacate an arbitration award in favor of plaintiff (Doc. 25). For the reasons set forth below, the court denies the motion, and it orders that the arbitrator's award (Docs. 22, 23) be confirmed.

### I. Background

Plaintiff is a former employee of defendant ICNA; defendant Lynn Peoples served as plaintiff's supervisor. In this action, plaintiff brought claims under various state and federal statutes, as well as Kansas tort law, alleging discrimination based on gender, age, and disability; unlawful retaliation; and intentional and negligent infliction of emotional distress. On September 3, 1996, the court stayed the action and granted defendants' motion to compel arbitration in accordance with an arbitration agreement, pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1–16. *Durkin v. CIGNA Property & Casualty Corp.*, 942 F.Supp. 481 (D.Kan.1996).

On July 25, 1997, plaintiff filed in this court the opinion and award of the arbitrator, which was dated July 14, 1997. The arbitrator noted that plaintiff had dropped her age discrimination claim, and he ruled against plaintiff on her claims under the Equal Pay Act, the Americans with Disabilities Act, and Kansas tort law. The arbitrator did find in plaintiff's favor on one claim—he ruled that when ICNA failed to promote plaintiff in December of 1995, it discriminated against plaintiff on the basis of her sex or in retaliation for complaining about discrimination, in violation of Title VII of the Civil Rights Act and the Kansas Act Against Discrimination. The arbitrator awarded plaintiff $50,000 in economic and other compensatory damages, but declined to award punitive damages. The arbitrator rejected plaintiff's other claims of gender discrimination and retaliation, as well as plaintiff's claim of constructive discharge. Finally, the arbitrator refused to impose any liability on defendant Lynn Peoples.

On September 3, 1997, plaintiff filed in this court the arbitrator's supplemental award dated August 21, 1997, by which the arbitrator awarded plaintiff a total of $31,104.59 for attorney fees, expenses, and deposition costs. The arbitrator reduced the amount of fees requested by plaintiff by 10 percent even though plaintiff had purportedly excised fees related to unsuccessful claims.

### II. Discussion

■ ICNA seeks to vacate the arbitration award in favor of plaintiff, pursuant to section 10 of the FAA, 9 U.S.C. § 10. ICNA does not challenge the finding of liability; rather, it argues that the arbitrator exceeded his powers because "the awards of damages and attorneys' fees are contrary to law, without support and excessive."

■ Under section 10 of the FAA, the court may make an order vacating an arbitration award "[w]here the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted

was not made." 9 U .S.C. § 10. The Tenth Circuit has stressed the very limited nature of this provision. *See ARW Exploration Corp. v. Aguirre,* 45 F.3d 1455, 1462–63 (10th Cir.1995). "[M]aximum deference is owed to the arbitrator's decision," and the standard of review of arbitration awards "is among the narrowest known to law." *Id.* at 1462.

> Once an arbitration award is entered, the finality that courts should afford the arbitration process weighs heavily in favor of the award, and courts must exercise great caution when asked to set aside an award. Because a primary purpose behind arbitration agreements is to avoid the expense and delay of court proceedings, it is well settled that judicial review of an arbitration award is very narrowly limited.

*Id.* at 1463 (quoting *Foster v. Turley,* 808 F.2d 38, 42 (10th Cir.1986)). "An arbitrator's erroneous interpretations or applications of law are not reversible," unless "manifest disregard" of the law is shown. *Id.* The "manifest disregard" standard may be characterized as "willful inattentiveness to the governing law." *Id.* Manifest disregard of the law "clearly means more than error or misunderstanding with respect to the law." *Id.*

It is clear that the arbitrator's awards in this case are not subject to vacation under these standards. ICNA essentially argues that the awards should be vacated because they are contrary to law. As emphasized by the Tenth Circuit in *ARW,* however, this court may not second-guess the arbitrator's decision, even if the court believes that the law has not been applied correctly. *See id.* ("[C]ourts are not to instruct the arbitrator as to the correct computation of damages.").

ICNA points to the written procedures governing the arbitration, which require that the arbitrator apply statutory and case law in resolving the dispute. A review of the award reveals, however, that the arbitrator did in

fact consider and apply the relevant statutes and cases interpreting those statutes. Thus, the arbitrator did not display a manifest disregard for the law, and this court may not overturn his decisions on the basis urged by ICNA—that the arbitrator erred in the manner in which he applied the law.[1]

The court therefore denies ICNA's motion to vacate the arbitration award. The court orders that the award is confirmed, *see* 9 U.S.C. § 9, and judgment is ordered accordingly.[2]

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant ICNA's motion to vacate the arbitration award in favor of plaintiff (Doc. 25) is denied.

**IT IS FURTHER ORDERED BY THE COURT THAT** the arbitrator's award in favor of plaintiff (Docs. 22, 23) is hereby confirmed. Judgment is awarded in favor of plaintiff against defendant ICNA (formerly CIGNA Property & Casualty Corporation) in the amount of $81,104.59. Plaintiff's claims against defendant Lynn Peoples are hereby dismissed.

**IT IS SO ORDERED.**

---

1. ICNA notes that the arbitrator may have double-counted deposition costs in awarding fees and expenses, but it does not appear to seek vacation of the award on that basis. At any rate, such an error would not mean that the arbitrator exceeded his powers or acted with manifest disregard of the law.

2. At the end of its brief, plaintiff seeks $2,500 in attorney fees for responding to the motion. Because plaintiff has not supported its request for fees with any argument or citation to authority, the court denies the request for fees. Similarly, the court denies plaintiff's request for an award of interest and other relief.