Ray REPP and K & R Music, Inc., Plaintiffs,

v.

Andrew Lloyd WEBBER, the Really Useful Group, PLC, the Really Useful Company, Inc., MCA Records, Inc., Hal Leonard Publishing Corporation and Polygram Records, Inc., Defendants.

No. 91 Civ. 0906 (SWK).

United States District Court, S.D. New York.

July 19, 1995.

no

Cherry & Flynn by William R. Coulson, Chicago, IL, Chadbourne & Parke, by Stanley S. Arkin, New York City, for plaintiffs.

Gold, Farrell & Marks by Jane G. Stevens, New York City, for defendants.

## *MEMORANDUM OPINION AND ORDER*

KRAM, District Judge.

By Memorandum Opinion and Order dated August 3, 1994 (the "1994 Opinion"), the Court granted summary judgment dismissing the complaint. Plaintiffs now move, pursuant to Federal Rule of Civil Procedure 56, for summary judgment dismissing defendants' counterclaims. Defendants move, pursuant to 17 U.S.C. § 505, for an order granting them costs and attorneys' fees. The Court shall consider each issue below.

### BACKGROUND [1]

#### I. Creation of "Close Every Door"

In 1968, defendant Andrew Lloyd Webber ("Lloyd Webber") composed the song "Close Every Door" for his dramatico-musical work entitled *Joseph and the Amazing Technicolor Dreamcoat* ("*Joseph*"). Novello and Company, Ltd. ("Novello") released the vocal score of *Joseph* in the United States in 1969 and registered the work for copyright protection that same year. By written agreement dated April 21, 1989, Novello assigned its copyright interest in *Joseph* to The Really Useful Group, Ltd.

In January 1969, Decca Records released a recording of a choral version of *Joseph* performed at St. Paul's Cathedral in England. At the same time, Decca Records released a single recording of "Close Every Door." The next year, Sceptre Records released *Joseph* in album form in the United States.

In 1971, *Joseph* appeared on the *Billboard* magazine charts of popular music for twelve weeks, peaking at number eighty-four in May 1971. Subsequently, in 1974, MCA Records released a studio-recorded version of *Joseph* in the United States and, by December 1979, sold 18,833 copies of its recording.

In May 1970, *Joseph* premiered at the College of the Immaculate Conception in Douglaston, New York. In 1972 and 1973, *Joseph* was performed in various productions in Scotland and England, and was broadcast on network television in the United Kingdom. In 1974, *Joseph* was performed at the Playhouse in the Park in Philadelphia, where it was reviewed by *Variety* magazine. In December 1976, *Joseph* was performed at the Brooklyn Academy of Music ("BAM"), where it was reviewed by, among others, *The New York Times* and *The Christian Science Monitor*.

In 1982, *Joseph* opened on Broadway, where it was nominated for seven Tony awards and three Drama Desk awards. Throughout the 1970s and 1980s, *Joseph* also was performed in amateur, church, college and secondary school productions in the United States. Plaintiff Ray Repp ("Repp") contends, however, that he did not hear any music from *Joseph* until he attended a production of the work between August 31 and September 6, 1982. *See* Repp Decl. at ¶ 16.

#### II. Creation of "Till You"

Repp alleges that, in September 1976, he composed a folk song entitled "Till You," basing the lyrics on certain Biblical verses from the Book of Luke.[2] Repp recites the circumstances surrounding his creation of "Till You" as follows:

> I remember spending several hours in my upstairs study (which also served as a

---

1. The following statement of facts is taken from the pleadings, Rule 3(g) Statements, Declaration of Ray Repp in Supp. of Summary Judgment Against Defs.' Counterclaims, executed on Dec. 10, 1994 ("Repp.Decl."), Declaration of Father William Kelly in Supp. of Summary Judgment Against Defs.' Counterclaims, executed on Dec. 10, 1994, Affidavit of Jane G. Stevens in Opp. to Pls.' Mot. for Summary Judgment, sworn to on Feb. 10, 1995 ("Stevens Aff."), and Declaration of Andrew Lloyd Webber in Opp. to Pls.' Mot. for Summary Judgment, executed on Feb. 10, 1995.

The general background of this litigation was fully set forth in *Repp v. Lloyd Webber*, 858 F.Supp. 1292 (S.D.N.Y.1994), and shall not be reiterated here.

2. The actual year that Repp composed "Till You" is in dispute. In fact, plaintiffs' complaint alleges that "Till You" was created between January 1, 1978 and March 17, 1978. *See* Complaint, annexed to the Stevens Aff. as Exh. "A," at ¶ 14.

guest room) working on new melodies.... I sat and worked on several melodies that day. I remember playing my guitar and humming melodies over and over until I felt ready to turn on my cassette recorder. After recording the melody of the song which was later to become "Till You" I remember going downstairs to the kitchen and expressing to Bill Kelly [ ("Father Kelly") ], who shared the house with me, that I felt good about this particular new melody.... Later that day I went back to my study and worked out the completed melody of the song, which I recorded on the reel-to-reel tape recorder. I also began the lyrics later that day, and finished them sometime the following week. I specifically remember carrying my guitar into the living room to play the completed song for [Father] Kelly. I also remember a lyric change he suggested, which I agreed with and did change.

*See* Repp. Dec. at ¶¶ 8–9.[3] "Till You" was copyrighted in July 1978 and released to the public that spring as one of the songs on the album entitled *Benedicamus*.

## III. The Current Action

In July 1990, plaintiffs commenced this action in the United States District Court for the Northern District of Illinois for copyright infringement (Count One) and unfair competition and deceptive trade practices (Count Two).[4] Specifically, plaintiffs alleged that Lloyd Webber copied "Till You" when he created the melody for his song "The Phantom of the Opera" (the "Phantom Song"). Plaintiffs alleged further that the corporate defendants distributed and exploited the Phantom Song.

In October 1991, defendants amended their answer to allege four counterclaims. For their first and second counterclaims, defendants allege that Repp's "Till You" song infringes Lloyd Webber's copyright in "Close

Every Door." The third counterclaim alleges that plaintiffs are violating Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by deceiving the public into believing that they are the sources of "Till You" rather than Lloyd Webber. The fourth counterclaim alleges that plaintiffs' activities with respect to "Till You" constitute unfair competition and misappropriation of Lloyd Webber's proprietary rights.

By Order dated October 30, 1991, the Court bifurcated the action, ordering that all issues of liability be tried separately from issues of damages. Subsequently, on August 3, 1994, the Court granted summary judgment dismissing plaintiff's complaint. Specifically, the Court found that plaintiffs were unable to meet their burden of proving that Lloyd Webber had access to "Till You" prior to composing the Phantom Song. The Court also held that "Till You" was not so strikingly similar to the Phantom Song as to justify an inference of copying and improper appropriation in the absence of evidence of access. Finally, in addition to plaintiffs' failure to prove access to the copyrighted work, the Court noted in *dicta* that plaintiffs had not submitted any evidence to contradict defendants' proof of independent creation. Accordingly, the Court granted defendants' motion for summary judgment dismissing the complaint.

Plaintiffs now move for summary judgment dismissing defendants' counterclaims. Specifically, plaintiffs argue that (1) defendants cannot prove that Repp had access to the song "Close Every Door" prior to composing "Till You"; (2) the songs "Till You" and "Close Every Door" are not substantially similar as a matter of law; (3) defendants cannot contradict plaintiffs' evidence of independent creation of "Till You"; and (4) defendants have failed to come forward with evidence of exploitation of the infringing work during the applicable period of limita-

---

**3.** Defendants contend that this narration is contradicted by Repp's deposition testimony, where he indicated that he had no recollection of the events surrounding his creation of the song "Till You" before it was recorded on the cassette tape. At his deposition, Repp also testified that he recorded "Till You" on the cassette tape while sitting in his bedroom, rather than in his study. *See* Deposition of Ray Repp, commencing on

June 23, 1992 ("Repp Dep."), at 456. He testified further that he drafted the lyrics between September 1976 and March 1978. *Id.* at 456, 468.

**4.** The action was transferred to this Court in April 1991.

tions. Defendants oppose plaintiffs' motion and also move for attorneys' fees and costs based on the 1994 Opinion. The Court shall address each of these motions in turn.

## DISCUSSION

### I. Standard for Summary Judgment

The 1994 Opinion set forth the applicable standard in deciding a motion for summary judgment and need not be repeated here. In brief, summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). If the court determines that "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial,'" and summary judgment must be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968)).

### II. Copyright Infringement

#### A. Standard of Law

■ In order to establish a claim for copyright infringement, a copyright holder must show ownership of a valid copyright and unauthorized copying by the alleged infringer. *Laureyssens v. Idea Group, Inc.*, 964 F.2d 131, 139 (2d Cir.1992); *Rogers v. Koons*, 960 F.2d 301, 306 (2d Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 365, 121 L.Ed.2d 278 (1992). Copying may be established either by direct evidence or by indirect evidence, namely, access to the copyrighted work, similarities that are probative of copying between the works and expert testimony. *Laureyssens v. Idea Group, Inc.*, 964 F.2d at 140; *see also Folio Impressions, Inc. v. Byer California*, 937 F.2d 759, 765 (2d Cir.1991) (citing *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 48–49 (2d Cir.), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2278, 90 L.Ed.2d 721 (1986)). Where the copyrighted work and

the infringing work are "strikingly similar," access to the copyrighted work may be inferred as a matter of law. *Gaste v. Kaiserman*, 863 F.2d 1061, 1067 (2d Cir.1988). If the proof establishes that plaintiffs' work was arrived at independently, however, then there is no infringement. *Folio Impressions, Inc. v. Byer California*, 937 F.2d at 765.

■ Once copying is established, the copyright holder next must show that the copying amounts to an improper appropriation "by demonstrating that substantial similarity to protected material exists between the two works." *Laureyssens v. Idea Group, Inc.*, 964 F.2d at 140. The improper appropriation test "asks whether 'the ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard their aesthetic appeal as the same.'" *Folio Impressions, Inc. v. Byer California*, 937 F.2d at 765 (quoting *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.*, 274 F.2d 487, 489 (2d Cir.1960)).

Plaintiffs contend that summary judgment must be granted because (1) defendants cannot prove access to the copyrighted work; (2) the songs "Till You" and "Close Every Door" are not substantially similar; (3) defendants cannot contradict plaintiffs' evidence of independent creation; and (4) the counterclaims were not brought within the applicable period of limitations.

#### B. Access

■■ Plaintiffs first claim that summary judgment should be granted because defendants cannot prove that Repp had access to the song "Close Every Door" prior to composing "Till You." Access is defined as "'[h]earing or having a reasonable opportunity to hear the plaintiff's work, in other words having the opportunity to copy.'" *Sylvestre v. Oswald*, 91 Civ. 5060, 1993 WL 179101, at *2, 1993 U.S.Dist. LEXIS 7002, at *7 (S.D.N.Y. May 18, 1993) (quoting *Intersong-USA v. CBS, Inc.*, 757 F.Supp. 274, 281 (S.D.N.Y.1991)). A party can establish access either by demonstrating that (1) the infringed work has been widely disseminated, *see ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, 722 F.2d 988, 998 (2d Cir.1983); or

(2) a particular chain of events exists by which the alleged infringer might have gained access to the copyrighted work. *Sylvestre v. Oswald*, 1993 WL 179101, at *3, 1993 U.S.Dist. LEXIS 7002, at *8.

In the case at hand, a reasonable jury could infer that Repp had access to the song "Close Every Door" by virtue of its wide dissemination in the public domain prior to September 1976, when Repp claims that he composed "Till You." Specifically, "Close Every Door" was released by three different record companies prior to 1976, hitting the *Billboard* magazine charts of popular music for twelve weeks in May 1971. In addition to its success in the United Kingdom in the early 1970s, *Joseph* also was performed in amateur, church, college and secondary school productions throughout the United States during that time period. In addition, in 1974, *Joseph* was performed in Philadelphia where it was reviewed by *Variety* magazine. While this evidence, standing alone, " 'by no means compels the conclusion that there was access ... it does not compel the conclusion that there was not.' " *ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, 722 F.2d at 998 (quoting *Heim v. Universal Pictures Co.*, 154 F.2d 480, 487 (2d Cir.1946)). Accordingly, plaintiffs' contention that defendants cannot establish access to the copyrighted work is meritless.[5]

## C. Substantial Similarity

Plaintiffs next assert that summary judgment should be granted because the songs "Close Every Door" and "Till You" are not so substantially similar as to amount to an improper appropriation. Substantial similarity does not require identical copying of every detail of the copyrighted work. *Rogers v. Koons*, 960 F.2d at 307. Rather, the test is " 'whether an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work.' " *Id.* (quoting *Ideal Toy Corp. v.*

*Fab–Lu Ltd.*, 360 F.2d 1021, 1022 (2d Cir. 1966)); *see also Arnstein v. Porter*, 154 F.2d 464, 473 (2d Cir.1946) ("The question ... is whether defendant took from plaintiff's work so much of what is pleasing to the ears of lay listeners, who comprise the audience for whom such popular music is composed, that defendant wrongfully appropriated something which belongs to the plaintiff."); *Jones v. CBS, Inc.*, 733 F.Supp. 748, 752 (S.D.N.Y. 1990). While summary judgment may be an appropriate remedy in copyright infringement suits, "such relief will be denied when the question of substantial similarity is one on which reasonable minds could differ." *Rogers v. Koons*, 960 F.2d at 307; *Walker v. Time Life Films, Inc.*, 784 F.2d at 48; *Levine v. McDonald's Corp.*, 735 F.Supp. 92, 96 (S.D.N.Y.1990).

In opposition to plaintiffs' contention that "Till You" does not amount to an improper appropriation of "Close Every Door," defendants have submitted the affidavit of their musical expert, who concludes that the two works are, in fact, substantially similar. *See* Affidavit of Lawrence Ferrara in Opp. to Pls.' Summary Judgment Mot. on Defs.' Counterclaims, sworn to on Feb. 13, 1995. As the Court noted in its previous opinion, however, expert testimony usually is irrelevant to the issue of improper appropriation. *See Repp v. Lloyd Webber*, 858 F.Supp. at 1303 n. 14; *see also Arnstein v. Porter*, 154 F.2d at 468 (stating that "dissection" and expert testimony are irrelevant to the issue of illicit copying); *Denker v. Uhry*, 820 F.Supp. 722, 729 (S.D.N.Y.1992) (finding that "when improper appropriation only is at issue, ... expert testimony ... is irrelevant"), *aff'd*, 996 F.2d 301 (2d Cir.1993); *McDonald v. Multimedia Entertainment, Inc.*, 90 Civ. 6356, 1991 WL 311921, at *2, 1991 U.S.Dist. LEXIS 10649, at *6 (S.D.N.Y. July 19, 1991) (stating that consideration of expert testimony is usually improper in determining improper appropriation); *Davis v. United Art-*

---

5. Defendants claim that they also can raise an inference of access through evidence that (1) Repp discussed *Joseph* with a friend prior to the creation of "Till You;" (2) other close friends had seen a live performance of *Joseph* prior to Repp's composition of "Till You;" (3) Repp was interested in Lloyd Webber's works and religious music in general; and (4) key portions of the two works are strikingly similar. As summary judgment is inappropriate in light of the public distribution of "Close Every Door" during the relevant time period, the Court shall not consider defendants' other evidence of access.

*ists, Inc.,* 547 F.Supp. 722, 724 (S.D.N.Y. 1982) (refusing to consider expert's opinion on substantial similarity in the context of a motion for summary judgment). In fact, as defendants' expert fails to provide the Court with any survey evidence or other material that might have helped to gauge the response of the lay listener, his conclusions do not aid the Court in determining whether a reasonable jury could find improper appropriation. Accordingly, the Court finds that the affidavit of defendants' musical expert does not set forth persuasive evidence of improper appropriation.

 Having listened to the two songs at issue, however, the Court cannot say as a matter of law that they do not share any substantial similarities. In making this determination, the Court considered the " 'total concept and feel' " of the works in question. *Jones v. CBS, Inc.,* 733 F.Supp. at 754 (quoting *Reyher v. Children's Television Workshop,* 533 F.2d 87, 91 (2d Cir.), *cert. denied,* 429 U.S. 980, 97 S.Ct. 492, 50 L.Ed.2d 588 (1976)). While not every note is the same, the Court finds that the works do share several sequential notes as well as similar melodies, structure, rhythms and harmonies. In addition, the Court recognizes that the two songs use analogous words to convey their central themes. *See Stratchborneo v. Arc Music Corp.,* 357 F.Supp. 1393, 1405 (S.D.N.Y.1973) (focusing on the music and lyrics, taken together, in determining substantial similarity). Thus, the lyrics in "Till You," which state "when I could not see, you opened ev'ry door," mirror the lyrics of "Close Every Door," which repeatedly croon "Close ev'ry door to me."

Significantly, plaintiffs fail to point to any differences in tone, harmony or melody between the two songs, relying instead on their generalized conclusion that "[n]o one, in the history of the world, has ever listened to 'Till

You' and thought that it sounded like 'Close Every Door.' " *See* Pls.' Reply Mem. in Supp. of Pls.' Mot. for Summary Judgment on the Defs.' Counterclaims, at 6. The Court disagrees with this characterization, instead concluding that an issue of fact exists whether the two works are substantially similar. As such, plaintiffs' motion for summary judgment on the ground of lack of substantial similarity is denied.[6]

**D. Independent Creation**

 Plaintiffs next assert that summary judgment should be granted because defendants cannot controvert Repp's evidence of independent creation of "Till You." As the Court previously has indicated, "[a] defendant can 'rebut the inference of copying by showing that its product was independently created despite its similarity to plaintiff's work.' " *Repp. v. Lloyd Webber,* 858 F.Supp. at 1303 (quoting *Gund, Inc. v. Applause, Inc.,* 809 F.Supp. 304, 308 (S.D.N.Y.1993)). Where substantial similarity and access have been established, the infringer must come forward with "strong, convincing and persuasive evidence" of independent creation in order to rebut a copyright holder's inference of copying. *Gund, Inc. v. Russ Berrie and Co.,* 701 F.Supp. 1013, 1025 (S.D.N.Y.1988); *Mode Art Jewelers Co. v. Expansion Jewelry, Ltd.,* 199 U.S.P.Q. (BNA) 329, 340, 1977 WL 22762 (S.D.N.Y.1977).

 Repp alleges that he composed "Till You" in September 1976 in the upstairs study of his home in Trumansburg, New York. He remembers recording the melody of "Till You" on his cassette recorder and speaking with Father Kelly about it. He remembers recording a completed version of the song on his reel-to-reel tape recorder and writing the lyrics for the song later that day, finishing them during the following week. He also

---

**6.** As an issue of fact exists whether the works are substantially similar, plaintiffs' motion seeking dismissal of defendants' Lanham Act counterclaims on the grounds of lack of substantial similarity also is denied. *See Kisch v. Ammirati & Puris Inc.,* 657 F.Supp. 380, 384–85 (S.D.N.Y. 1987) (denying motion to dismiss plaintiff's Lanham Act claim where issue of fact existed as to substantial similarity). In addition, despite plaintiffs' contention that defendants' failure to

proffer evidence of actual confusion is fatal to its Lanham Act claim, the Court finds that the absence of actual confusion does not mandate summary judgment. *See Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co.,* 799 F.2d 867, 875 (2d Cir.1986) ("[I]t is black letter law that actual confusion need not be shown to prevail under the Lanham Act, since actual confusion is very difficult to prove and the Act requires only a likelihood of confusion as to source.").

recalls modifying the lyrics in response to a suggestion by Father Kelly.

Assuming Repp's recollection concerning the circumstances surrounding his creation of "Till You" to be accurate, the Court finds that this evidence does not warrant dismissing defendants' counterclaims as a matter of law. Rather, a reasonable jury could conclude that Repp, having been exposed to "Close Every Door" prior to composing "Till You," subconsciously copied the musical and lyrical phrases at issue. Thus, the fact that Repp recalls details of the day in which he composed "Till You" does not satisfy his burden of demonstrating the absence of any genuine issues of material fact with respect to defendants' counterclaims. *See, e.g., Gund, Inc. v. Russ Berrie and Co.,* 701 F.Supp. at 1018 (finding in context of preliminary injunction motion that evidence that infringer used two other toys as models did not preclude copying where access was established); *American Greetings Corp. v. Easter Unlimited, Inc.,* 579 F.Supp. 607, 613 (S.D.N.Y.1983) (holding, after trial, that evidence of independent creation was "not of such persuasiveness as to rebut an inference of copying based on access and similarity").[7]

In any event, the Court agrees with defendants that Repp's allegation of independent creation is at odds with his complaint and deposition testimony in this action. Thus, despite the fact that Repp now contends that he composed "Till You" in September 1976, the complaint alleges that he created "Till You" between January 1 and March 17, 1978. Although Repp explained this discrepancy at his deposition by indicating that he *completed* "Till You" between January and March 1978, *see* Repp Dep. at 421, a genuine issue of material fact exists whether Repp created "Till You" in 1976 or 1978.

Furthermore, at his deposition, Repp indicated that he recalled composing the music for "Till You" in the bedroom of his home and that he drafted the lyrics sometime between September 1976 and March 1978. *See*

Repp Dep. at 456, 468. Repp also indicated that he did not recall whether he (1) made a tape of the song "Till You" in September 1976, *id.* at 777; or (2) played the song for Father Kelly, although he indicated that it was his habit to do so, *id.* at 479. Repp also claimed at his deposition that he lacked any specific memory of the circumstances surrounding the creation of "Till You." *Id.* at 455, 461, 472–73, 777. In light of the inconsistencies between (1) Repp's allegation of independent creation; and (2) his prior deposition testimony and the allegations of the complaint, the Court finds that material issues of fact preclude summary judgment. *See, e.g., Eckes v. Card Prices Update,* 736 F.2d 859, 863 (2d Cir.1984) (finding a scarcity of credible, non-self-serving proof of independent creation).

### III. Statute of Limitations

 Plaintiffs also contend that defendants' counterclaims should be dismissed because they are time-barred. Defendants filed their counterclaims in October 1991. Pursuant to the Copyright Act, no civil action shall be maintained unless it is commenced within three years "after the claim accrued." 17 U.S.C. § 507. The period of limitations begins to run on the date of the last act of infringement. *Woods Hole Oceanographic Inst. v. Goldman,* 84 Civ. 6307, 1985 WL 5968, at *2 (S.D.N.Y. July 23, 1985). Thus, to be timely, defendants must show evidence of exploitation of "Till You" within the three-year period commencing in October 1988.

Defendants complain that plaintiffs' attempt to use the limitations period as a basis for summary judgment ignores the Court's order bifurcating issues of liability and damages, as well as the parties' agreement to limit discovery to the period 1978 through 1985. As defendants apparently argue that more discovery is necessary to respond to plaintiffs' limitations argument, the Court shall reserve judgment pending further dis-

---

7. While the Court previously stated that Lloyd Webber's evidence of independent creation of the Phantom Song negated any inference of infringement, *see Repp v. Lloyd Webber,* 858 F.Supp. at 1303–04, the Court made this finding in light of the fact that plaintiffs had failed to show that Lloyd Webber had access to "Till You" prior to composing the Phantom Song. Here, in contrast, there is evidence that Repp may have had access to "Close Every Door" prior to the creation of "Till You."

covery on this issue. Accordingly, the Court orders that discovery shall be reopened for the limited purpose of determining whether plaintiffs have exploited "Till You" during the applicable limitations period. The parties shall complete discovery on this issue by September 1, 1995.

## IV. Attorneys' Fees and Costs

■ Defendants seek an order awarding them attorneys' fees and costs pursuant to 17 U.S.C. § 505. Section 505 states:

In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505 (1994). Pursuant to this statute, prevailing plaintiffs and defendants are to be treated alike, "but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Fogerty v. Fantasy, Inc.*, —— U.S. ——, 114 S.Ct. 1023, 1033, 127 L.Ed.2d 455 (1994). A defendant is considered a "prevailing party" when he successfully defends against the significant claims actually litigated in the action. *Screenlife Establishment v. Tower Video, Inc.*, 868 F.Supp. 47, 50 (S.D.N.Y.1994).

As this action has not yet been fully resolved, defendants' motion for costs and fees is premature. Accordingly, the Court shall postpone its ruling on the propriety of a fee award pending final disposition of this action. *See Agee v. Paramount Communications, Inc.*, 869 F.Supp. 209, 213 (S.D.N.Y.1994) (staying motion for attorneys' fees pending plaintiff's appeal).

## CONCLUSION

For the reasons set forth above, plaintiffs' motion for summary judgment dismissing defendants' counterclaims on the grounds that (1) defendants cannot prove that Repp had access to the song "Close Every Door" prior to composing "Till You;" (2) the songs "Till You" and "Close Every Door" are not substantially similar as a matter of law; and (3) defendants cannot contradict plaintiffs' evidence of independent creation of "Till You" is denied. The Court shall reserve judgment on plaintiffs' motion for summary judgment dismissing defendants' counterclaims on the grounds of timeliness pending completion of discovery on this issue. The Court orders that discovery be reopened until September 1, 1995 for the limited purpose of determining whether plaintiffs exploited the song "Till You" during the applicable limitations period. Defendants then may submit a proffer of evidence by September 15, 1995. Plaintiffs shall submit a response by September 22, 1995. Finally, defendants' motion for costs and attorneys' fees is stayed pending final resolution of this action.

SO ORDERED.