**Ray REPP and K & R Music, Inc., Plaintiffs,**

v.

**Andrew Lloyd WEBBER, the Really Useful Group, PLC, the Really Useful Company, Inc., MCA Records, Inc., Hal Leonard Publishing Corporation and Polygram Records, Inc., Defendants.**

No. 91 Civ. 906 (SWK).

United States District Court, S.D. New York.

Feb. 9, 1996.

Cherry & Flynn by William R. Coulson, Chicago, Illinois, Arkin, Schaffer & Supino by Stanley S. Arkin, New York City, for plaintiff.

Gold, Farrell & Marks by Jane G. Stevens, New York City, for defendants.

## *MEMORANDUM OPINION AND ORDER*

KRAM, District Judge.

In this copyright infringement action, plaintiffs Ray Repp ("Repp") and K & R Music, Inc. ("K & R") move to dismiss defendants' counterclaims as time-barred. In *Repp v. Lloyd Webber*, 892 F.Supp. 552 (S.D.N.Y.1995), the Court denied plaintiffs' motion for summary judgment dismissing defendants' counterclaims on several grounds argued by plaintiffs. At that time, however, the Court reserved judgment on plaintiffs' argument that the counterclaims were not timely, pending additional discovery on the issue. That discovery now complete, plaintiffs renew their motion for summary judgment dismissing the counterclaims on statute of limitations grounds. Defendants oppose the motion and seek expenses and attorney's fees, pursuant to Federal Rule of Civil Procedure 56(g), on the ground that plaintiffs' attorneys acted in bad faith in submitting false and misleading affidavits on the statute of limitations issue. For the reasons set forth below, both motions are denied.

### BACKGROUND[1]

#### I. The Songs

In 1968, Andrew Lloyd Webber ("Webber") composed the song "Close Every Door" for the popular musical entitled *Joseph and the Amazing Technicolor Dreamcoat.* The vocal score of the musical was released in the United States in 1969 and the work was registered for copyright protection that same year. In the ensuing years, Webber composed numerous musical scores, including the song "Phantom of the Opera" in 1985 for the musical of the same name.

Repp, a composer and performer of religious and liturgical music, alleges that in the late 1970s[2] he created a religious folk song entitled "Till You," basing the lyrics on certain biblical verses from the Book of Luke. "Till You" was copyrighted in July 1978 and released publicly in an album entitled *Benedicamus.*

In the summer of 1978, Repp founded K & R, which re-released *Benedicamus* in December 1978. Repp alleges that he personally ordered the manufacture of 5,000 copies of the *Benedicamus* album and more than 8,000 cassette tapes of the *Benedicamus* recording. According to Repp, only a handful of these albums remain, and all of the cassette tapes were either sold or distributed as promotional or airplay copies.[3]

#### II. The Complaint

In July 1990, plaintiffs brought this action for copyright infringement, unfair competition and deceptive trade practices. Specifically, the complaint asserted that Webber's 1985 song "Phantom of the Opera" substantially copied Repp's 1970's song "Till You." Plaintiffs charged the named corporate defendants with distributing and exploiting the "Phantom of the Opera" song in violation of his copyright rights in "Till You."

In October 1991, defendants amended their answers to include counterclaims against

---

1. The following statement of facts is taken from the pleadings, Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Summary Judgment on Defendants' Counterclaims, and the parties' Rule 3(g) Statements. The general background of this litigation was fully set forth in *Repp v. Lloyd Webber*, 858 F.Supp. 1292, 1295–97 (S.D.N.Y.1994), as well as *Repp v. Lloyd Webber*, 892 F.Supp. 552, 554–55 (S.D.N.Y.1995), and shall not be repeated here.

2. The actual year that Repp composed "Till You" is unclear. While the complaint alleges that the song was created between January 1, 1978 and March 17, 1978, *see* Complaint, at ¶ 14, plaintiffs assert in their 3(g) Statement that the song was created in September 1976.

3. Repp has no documentary evidence indicating the number of copies of *Benedicamus* sold to the public during the late 1970s and early 1980s, however, because he subsequently discarded all financial documents dated prior to 1985.

plaintiffs claiming (1) copyright infringement on the ground that "Till You" infringes Webber's "Close Every Door"; (2) violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), based on plaintiffs' attempt to deceive the public into believing that they are the sources of "Till You" rather than Webber; and (3) unfair competition and misappropriation on the grounds that plaintiffs' activities with respect to "Till You" violate Webber's proprietary rights.

In *Repp v. Lloyd Webber*, 858 F.Supp. 1292 (S.D.N.Y.1994) (the "1994 Opinion"), the Court granted summary judgment in defendants' favor and dismissed the complaint. Specifically, the Court found that plaintiffs were unable to meet their burden of proving that Webber had access to "Till You" prior to composing "Phantom of the Opera." The Court also held that "Till You" was not so strikingly similar to "Phantom of the Opera" as to justify an inference of copying and improper appropriation absent evidence of access.[4]

On October 12, 1994, this Court granted leave to plaintiffs to file a parallel motion for summary judgment on defendants' counterclaims, pursuant to Federal Rule of Civil Procedure 56(b). In *Repp v. Lloyd Webber*, 892 F.Supp. 552 (S.D.N.Y.1995), the Court denied plaintiffs' motion for summary judgment dismissing defendants' counterclaims, rejecting plaintiffs' contentions that (1) defendants could not prove that Repp had access to the song "Close Every Door" prior to composing "Till You;" (2) the songs "Till You" and "Close Every Door" were not substantially similar as a matter of law; and (3) defendants could not contradict plaintiffs' evidence of independent creation of "Till You." At that time, however, the Court reserved judgment on plaintiffs' motion for summary judgment dismissing defendants' counterclaims on the ground that they are not timely. In addition, the Court reopened discovery on the limitations issue from the limitations period commencing October 9, 1988, and requested that the parties submit a proffer of evidence on the issue.

### III. The Present Motions

In their renewed motion for summary judgment, plaintiffs claim that under the three-year statute of limitations applicable to defendants' counterclaims, the counterclaims, filed October 9, 1991, can only reach acts of infringement occurring after October 9, 1988. Plaintiffs contend further that defendants have failed to show commercial distribution of the song "Till You" occurring between October 1988 and October 1991 (the "Limitations Period").

Defendants now submit a supplemental affidavit containing evidence purporting to establish the timeliness of the counterclaims. First, defendants claim that invoices supplied by K & R document the distribution of 449 units of products embodying the infringing work "Till You" during the period running from October 4, 1988 through June 21, 1995. *See* Supplemental Affidavit of Christine Lepera, dated Oct. 13, 1995 (the "Lepera Supp. Aff."), at 2; Appendix to Lepera Supp.Aff. at Exhs. 1, 2. According to defendants, approximately one out of every three orders invoiced by K & R included at least one "Till You" product.

Second, defendants have produced documentation stating that plaintiffs granted licenses to third parties to reproduce "Till You" after October 9, 1988. For example, by agreement dated February 1, 1991, K & R granted a license to Christian Copyright Licensing, Inc. (the "CCLI License") covering plaintiffs' entire catalog of musical compositions, including "Till You." *See* CCLI License, dated Feb. 1, 1991, annexed to the Lepera Supp.Aff. as Exh. "G"; *see also* Deposition of Ray Repp, taken on Oct. 13–14, 1992, annexed to the Lepera Supp.Aff. as Exh. "B," ("Repp Dep.") at 69. The CCLI License allowed CCLI to permit its clients to reproduce "Till You" and other Repp songs in printed publications, typically church bulletins and books. According to a related royalty statement, Repp collected royalties pursuant to the CCLI License in the amount of $2.22 between April 1, 1993 and Septem-

---

**4.** The Court also noted that plaintiffs had not submitted any evidence to contradict defendants' proof of independent creation.

ber 30, 1993. In addition, defendants point out that, as Repp and K & R were members of the American Society of Composers, Artists and Performers ("ASCAP"), a performing rights society, they received royalties pursuant to this arrangement as well. *See* Publisher Performance Statement, annexed to the Lepera Supp.Aff. as Exh. "J."

Third, defendants have proffered evidence that Repp frequently performed "Till You" between 1988 and 1991. Plaintiffs' complaint and Repp's own deposition contain allegations that "Till You" was performed by Repp himself during this period. *See* Complaint, annexed to the Affidavit of Jane G. Stevens, sworn to on Feb. 10, 1995 (the "Stevens Aff.") as Exh. "A," at ¶¶ 3, 20; Declaration of Ray Repp, dated Sept. 14, 1993, annexed to the Stevens Aff. as Exh. "K" (stating that he performed "Till You" in "almost every concert or appearance I have given since 1978"). In support of Repp's admission, defendants note that Repp recently confirmed his appearance and performance at many of these engagements during the relevant time period. *See* Repp Dep. at 81–83, 85–88, and 92–96.

Presently before the Court is plaintiffs' motion for summary judgment dismissing defendants' counterclaims as untimely. Additionally, in light of the evidence set forth above, defendants move for expenses, including reasonable attorney's fees, pursuant to Federal Rule of Civil Procedure 56(g), on the ground that plaintiffs' motion for summary judgment dismissing the counterclaims on statute of limitations grounds was made in bad faith.

## DISCUSSION

### I. Standard of Law

The 1994 Opinion set forth the applicable standard in deciding a motion for summary judgment and need not be repeated here. In brief, summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P.

56(c). If the court determines that "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial,'" and summary judgment must be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289, 88 S.Ct. 1575, 1593, 20 L.Ed.2d 569 (1968)).

### II. Infringement Within the Limitations Period

■ The statute of limitations applicable to copyright infringement actions is contained in 17 U.S.C. § 507(b), which states that "[n]o civil action shall be maintained under the provision of this title unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b). The period of limitations begins to run from the moment the defendant commits an infringement, and when continuing infringement is asserted, from the last act of infringement. *Kregos v. Associated Press*, 3 F.3d 656, 662 (2d Cir.1993), *cert. denied*, — U.S. —, 114 S.Ct. 1056, 127 L.Ed.2d 376 (1994); *Woods Hole Oceanographic Inst. v. Goldman*, 84 Civ. 6307, 1985 WL 5968, at *2 (S.D.N.Y. July 23, 1985).

The distribution of copies of a copyrighted work by sale or other transfer of ownership is an exclusive right belonging to a copyright proprietor, the violation of which constitutes infringement. *See* 17 U.S.C. § 106(3). Similarly, performance of the work, *see* 17 U.S.C. § 106(4), and the granting of licenses, 17 U.S.C. § 106 (protecting the right "to do and to authorize" the activities enumerated in that section), are rights protected under section 106.

■ With respect to sales of products containing the infringing song, plaintiffs argue that any infringement occurring after October 9, 1988 was insignificant. Specifically, plaintiffs claim that K & R's gross receipts from the sale of products containing "Till You" after October, 1988 totalled $75.87, *see* Plaintiffs' Response to Defendants' Proffer of Evidence, dated Oct. 20, 1995 ("Plaintiffs' Brief"), at 6; Declaration of Ursula Collins,

dated Oct. 19, 1995, annexed to Plaintiffs' Brief as Exh. "B," at 2, and that infringement on this scale triggers the doctrine of *de minimis non curat lex*, citing *Knickerbocker Toy Co. v. Azrak–Hamway Int'l, Inc.*, 668 F.2d 699 (2d Cir.1982).

In *Knickerbocker*, the Court held that a single undistributed sample display card could not constitute an infringing copy as it "was only an office copy which was never used." *Id.* at 703. Here, however, substantial public sales, rather than mere internal distribution, occurred within the Limitations Period. The law recognizes no exemption for commercially unsuccessful or unprofitable infringements. *See Weissmann v. Freeman*, 868 F.2d 1313 (2d Cir.) (infringement finding affirmed where defendant distributed nine copies of infringing work), *cert. denied*, 493 U.S. 883, 110 S.Ct. 219, 107 L.Ed.2d 172 (1989); *National Enquirer, Inc. v. News Group News, Ltd.*, 670 F.Supp. 962, 970 (S.D.Fla.1987) (rejecting a *Knickerbocker*-style *de minimis* defense where claim involved sales of eighty-five units); *Konor Enters., Inc. v. Eagle Publications, Inc.*, 878 F.2d 138, 140–41 (4th Cir.1989) (magnitude of sales irrelevant to question of infringement); *see also* 2 Nimmer § 8.01[G] at 8–26. At any rate, the Court finds the volume of sales in the present case far too substantial to trigger the protections of the *de minimis non curat lex* doctrine. In addition to the sheer number of infringing products sold, defendants' analysis of K & R invoices reflects that during the Limitations Period, approximately one out of every three orders invoiced by K & R included "Till You" products.[5] Whatever the ultimate scope of *Knickerbocker*, it is clear that it was not meant to cover cases like the present one where significant sales occurred and a party received royalties for the public distribution of an allegedly infringing product.[6]

Defendants' evidence that plaintiffs distributed over 400 units of products embodying the infringing work, and that plaintiffs granted licenses to third parties to reproduce "Till You" beyond October 9, 1988 shows that potentially infringing acts occurred within the Limitations Period.

Finally, defendants claim that, pursuant to the relation back doctrine of Federal Rule of Civil Procedure 15(c), the correct period of limitations should be measured from three years prior to the date that plaintiffs interposed their complaint on July 10, 1990, or in the alternative, no later than three years prior to the interposing of defendants' original answers in the action on September 27, 1990. *See* Defs.' Supp.Mem. of Law, dated Oct. 13, 1995, at 4 n. 3. Specifically, defendants maintain that when compulsory counterclaims are raised in an amended pleading, those claims relate back under Rule 15(c) to the date the original pleading was interposed.

Although the relation back issue may arise at a future point regarding the extent of damages allowable, the Court need not address this issue presently, since the Court finds that acts of alleged infringement occurred within the Limitations Period. Thus, the Court does not reach the question of whether relation back to either the complaint or answer is appropriate.

---

**5.** Plaintiffs also argue that certain documents demonstrating sales and licensing of plaintiffs' allegedly infringing product are not properly authenticated, and thus should not be considered by the Court. *See* Plaintiffs' Brief at 8, referring to Exhs. H, I & L annexed to the Lepera Supp. Aff. The Court finds that Exhibit H falls under the "business records" exception to the hearsay rule, *see* Fed.R.Evid.P. 803(6), and that the contract contained in Exhibit I is non-hearsay under Federal Rule 801(c). Exhibit L, however, describing compensation for performances by Repp, contains unauthenticated hearsay, and thus has not been considered in this motion. *See* Fed.R.Civ.P. 56(e); *Price v. Worldvision Enterprises, Inc.*, 455 F.Supp. 252 (S.D.N.Y.1978), *affirmed*, 603 F.2d 214 (2d Cir.1979) (declining to consider unauthenticated hearsay in affidavit in summary judgment motion). Even disregarding all of the contested evidence, there is overwhelming evidence of uses within the Limitations Period.

**6.** With respect to evidence regarding religious performances, plaintiffs argue that such performances were exempt under the Copyright Act, 17 U.S.C. § 110. Since this defense clearly raises genuine issues of material fact under Federal Rule 56(c), the issue is not one that is appropriate for summary judgment. Additionally, the Court need not resolve the parties' dispute, as the Court already has found the counterclaims timely for the reasons outlined above.

 

### III. Rule 56(g)

With regard to defendants' request for expenses and attorney's fees pursuant to Federal Rule of Civil Procedure 56(g), the Court declines to grant such penalties in this case. Rule 56(g) provides:

> Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees....

Fed.R.Civ.P. 56(g).

Defendants claim that plaintiffs' summary judgment motion was predicated on the ground that "Till You" had not been exploited and was not sold commercially by plaintiffs after 1988. Defendants claim that plaintiffs had knowledge of the post–1988 sales, and thus plaintiffs submitted an affidavit stating the absence of such evidence in bad faith.

Plaintiffs do not deny knowledge of the facts in question, but argue that defendants had failed to adduce during discovery the facts necessary to establish that their counterclaims were timely. So construed, plaintiffs' statements merely pointed to the defendants' inability to prove, at the time of filing, sales occurring within the Limitations Period, and were not an attempt to affirmatively misrepresent plaintiffs' knowledge of sales. The statements in question on this subject, while perhaps not as clear and candid as could be desired, support this view. Although the Court is sympathetic to the plight of parties subjected to motions based on tenuous factual premises, the Court does not find that the affidavits in the present case were made in bad faith or solely for the purpose of delay. *See Republic of Cape Verde v. A & A Partners,* 89 F.R.D. 14, 20 (S.D.N.Y.1980). Accordingly, the application for relief pursuant to Rule 56(g) is denied.

### CONCLUSION

For the reasons set forth above, plaintiffs' motion for summary judgment dismissing the counterclaims on statute of limitations grounds is denied, and defendants' application for expenses and attorney's fees pursuant to Federal Rule of Civil Procedure 56(g) is also denied.

SO ORDERED.